### Supreme Council of Western Catholic Union, Appellee, v. Ozra Saule et al. Frank P. Drennan, Appellant.

#### (Not to be reported in full.)

Appeal from the Circuit Court of Adams county; the Hon. ALBERT AKERS, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed April 16, 1915. Rehearing denied May 26, 1915. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Bill by the Supreme Council of Western Catholic Union against Ozra Saule and others to foreclose a mortgage given to secure a note, upon which there was an existing indebtedness. Upon a decree foreclosing the mortgage and leaving questions of deficiency judgments against certain persons claimed by one of the defendants in his cross-bill for further determination, such defendant appeals.

Frank P. Drennan answered the bill and filed a cross-bill averring ownership of a mortgage covering said premises to secure a note for the principal sum of $1,500 payable to his order, and asking for deficiency judgments against the maker of the mortgage and subsequent owners of the property who had assumed the judgment thereof, if the mortgaged premises should not sell for enough to pay the whole of the mortgage indebtedness.

F. P. DRENNAN, *pro se;* W. H. NELMS, of counsel.

MATTHEW F. CARROTT, for appellee.

MR. PRESIDING JUSTICE ELDREDGE delivered the opinion of the court.

### Abstract of the Decision.

1. MORTGAGES, § 487*—*when decree may be entered on original bill without disposing of cross-bill.* A decree upon an original bill to foreclose a mortgage which is a prior lien to that of a party filing a cross-bill, and asking for a deficiency judgment against the maker and successive owners who assumed the mortgage, may be entered without first having a hearing on the cross-bill and having settled all issues raised thereunder, where the issues in no way affect the interests of the holder of the prior mortgage.

2. MORTGAGES, § 632*—*when deficiency decree may be entered.* A deficiency decree upon a bill to foreclose a mortgage need not be provided for in the original decree.

3. MORTGAGES, § 656*—*when omission of party harmless error.* The omission in an original bill to foreclose a mortgage of the name of a necessary party who executed the note and mortgage is not prejudicial where the evidence shows that the party died several years before the bill was filed and at the time of her death had no interest in the premises except an inchoate right of dower.

4. MORTGAGES, § 665*—*when attorney's fee not excessive.* Where the amount of an attorney's fee in an action to foreclose a mortgage was fixed at $238 by the trial court upon the evidence taken in support thereof, it will not be held upon appeal to be excessive where the facts and circumstances shown by the record appear to warrant the charge.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.